IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:05-CR-0481-01 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **PERCY HARRIS** | : | |

## **MEMORANDUM**

Presently before the court is defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Defendant asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  (Doc. 84 at 11.)  Defendant contends that his attorney, Jerry Russo ("Attorney Russo"), failed to file a timely notice of appeal.  (Id. at 12-14.)  The court held an evidentiary hearing on defendant's motion on August 19, 2008, to determine facts relevant to the disposition of defendant's remaining claim.  For the reasons that follow, the motion will be denied.

## **I.    Findings of Fact**[2]

On December 14, 2005, a grand jury indicted defendant with four counts of drug-related offenses.  After negotiating a plea agreement, defendant appeared before this court on March 22, 2006, and pled guilty to reduced charges.  (Docs. 38,

---

[1] The court previously denied defendant's motion in part, but deferred ruling on defendant's claim that his counsel failed to file a notice of appeal pending an evidentiary hearing.  (Doc. 96.)  The record is now sufficiently complete to facilitate disposition of this claim.

[2] The court's findings are based on testimonial and documentary evidence presented at the hearing on the motion.  The findings substantially reflect testimony given by Attorney Russo, which the court finds credible.

41, 42.)  The plea agreement contained an express waiver of defendant's rights to appeal his conviction and sentence.  (Doc. 38 ¶ 37.)  On September 11, 2006, the court sentenced defendant to 240 months of incarceration.  (Doc. 80.)

At the conclusion of the sentencing hearing, the government approached Attorney Russo and offered to file a motion for sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b) if defendant agreed to testify before a grand jury.[3]  (Evid. Hr'g Tr. at 24, Aug. 19, 2008.)  Immediately thereafter, Attorney Russo discussed the matter with defendant.  (Id. at 6, 24.)  Attorney Russo observed that defendant was dissatisfied with the sentence imposed by the court under the terms of the negotiated plea agreement.[4]  (Id. at 24.)   Defendant desired a shorter term of incarceration, and Attorney Russo apprised defendant of his options, including the right to appeal.  (Id.)  Attorney Russo testified that defendant understood his appellate rights.  (Id. at 34.)

---

[3] Rule 35(b) of the Federal Rules of Criminal Procedure authorizes the federal government to file a motion requesting a sentence reduction for a defendant who provides "substantial assistance in investigating or prosecuting another person."  FED. R. CRIM. P. 35(b).

[4] Attorney Russo's professional judgment and observations throughout this matter were informed by his ten-year history representing defendant.  (Evid. Hr'g Tr. at 24, 40, 47-48.)  Attorney Russo testified that, in addition to the federal criminal proceeding that underlies the instant motion, he represented defendant in prior state criminal proceedings.  (Id. at 47-48.)  Attorney Russo's longstanding acquaintance with defendant is also illustrated by several telephone calls defendant placed to him during the pendency of this matter and by the fact Attorney Russo gave defendant and the defendant's family his cellular telephone number for their convenience.  (Id. at 40.)

Although Attorney Russo told defendant that he could pursue an appeal, he advised that an appeal was not a viable means to reduce defendant's sentence because the plea agreement's appellate waiver provision was valid and the plea colloquy was "extensive." (Id. at 24-25, 35, 38-39, 45-46.) Attorney Russo informed his client of the government's offer of a Rule 35(b) motion and he "strongly recommended" that defendant accept the offer. (Id. at 27.) Attorney Russo explained to his client that cooperation with the government in exchange for a Rule 35(b) motion would likely result in a more favorable sentence. (Id. at 24-25.) He told defendant that "if his objective was to reduce his sentence, the way to maximize that objective would be to pursue the [Rule 35] motion." (Id. at 26.)

In this context, Attorney Russo advised defendant that filing an appeal was logically inconsistent with pursuit of a Rule 35(b) motion. Whereas an appeal placed defendant's interests at odds with the government, provision of substantial assistance under Rule 35(b) required defendant to align his interests with those of the prosecution. Hence Attorney Russo advised defendant that pursuit of an appeal would likely have an adverse effect on the government's willingness to file a Rule 35(b) motion on his behalf. (Id. at 25, 30, 35, 39, 46-47.) During this conversation, defendant indicated to Attorney Russo that he wished to forego an appeal to maximize the possibility of a sentence reduction. (Id. at 27.)

In an attempt to secure a reduced sentence through a Rule 35(b) motion, defendant allegedly shared substantial information with the government. After sharing information with law enforcement agents, however, defendant refused to

3

testify before the grand jury. Defendant's refusal effectively eliminated any prospect of a Rule 35(b) motion.

Defendant then filed the instant petition for writ of habeas corpus on May 29, 2007. (Doc. 84.) Defendant contends that Attorney Russo provided ineffective assistance of counsel by failing to file a notice of appeal. The parties have thoroughly briefed and argued these issues, which are now ripe for disposition.

## II. Discussion

In spite of a knowing and voluntary waiver of appellate rights, defendant's motion challenges his sentence on the grounds that Attorney Russo failed to file an appeal after defendant instructed Attorney Russo to do so. The court previously upheld defendant's waiver of appellate rights. (See Doc. 96.) A court, however, may set aside an otherwise valid waiver if enforcement of the waiver would result in a miscarriage of justice. Khattak v. United States, 273 F.3d 557, 562-63 (3d Cir. 2001). Absent a finding that a miscarriage of justice would result, a knowing and voluntary waiver precludes a collateral attack that alleges ineffective assistance by counsel's failure to file a notice appeal. United States v. Mabry, 536 F.3d 231, 241 (3d Cir. 2008). No presumption of prejudice arises from counsel's failure to file a notice of appeal when the defendant has executed a valid waiver of all relevant appellate rights. Id. at 239-42. The court previously found defendant's waiver of appellate rights was knowing and voluntary, (see Doc. 96), and, for the reasons discussed below, the court now finds that a miscarriage of justice will not result from

enforcement of the appellate waiver to bar the instant claim.  Therefore, the court will deny defendant's motion.

The court must determine whether a miscarriage of justice would result from the enforcement of an appellate waiver by examining the underlying facts of the defendant's claim.  Mabry, 536 F.3d at 243.  The court should consider factors such as "the clarity of the error, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."  Id. at 242-43 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).  As discussed in the Court's previous opinion, defendant negotiated his plea agreement with the government, and the plea agreement produced lesser charges and favorable sentencing recommendations.  In exchange, defendant waived his appellate rights and entered a guilty plea.  Therefore, defendant benefitted from the plea agreement he now attacks.  Lest there be doubt regarding defendant's acquiescence in the appellate waiver, defendant participated in an extensive plea colloquy during which he acknowledged and adopted the appellate waiver provision.  (See Doc. 93, Ex. A. at 19-20.)  Defendant does not advance any non-frivolous ground that he could raise on appeal, nor does he allege that the appellate waiver provision is unjust.  See Mabry, 536 F.3d at 243.  Defendant merely alleges that an injustice exists because his counsel failed to file an appeal that would have been summarily rejected.

Defendant's waiver of appellate rights and counsel's failure to file a notice of appeal were eminently reasonable under the facts of this case. The government offered to file a Rule 35(b) motion requesting a sentence reduction. Defendant's counsel, Attorney Russo, testified that he did not file an appeal after explaining to defendant the objective lack of meritorious grounds for appeal and advising defendant to accept the government's offer of a Rule 35(b) motion in lieu of an appeal. (See Evid. Hr'g Tr. at 24-25, 27.) Defendant subsequently began to cooperate with the government in an attempt to secure the Rule 35(b) motion but, without explanation, refused to testify before the grand jury. This refusal eliminated any prospect for sentence reduction through a Rule 35(b) motion. Defendant's current circumstances are a product of his decisions to enter into a valid plea agreement, to pursue a Rule 35(b) motion, and to terminate cooperation with the government prematurely. Therefore, "[e]nforcing the waiver is in line with justice, not a miscarriage of it." See Mabry, 536 F.3d at 244. This case does not present the requisite "compelling reasons," United States v. Shedrick, 493 F.3d 292, 297 (3d Cir. 2007), or "unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver," Khattak, 273 F.3d at 563. For

these reasons, the court concludes that a miscarriage of justice would not result from the enforcement of the valid waiver of defendant's appellate rights.[5]

### III.   Conclusion

The court previously found that defendant knowingly and voluntarily waived his rights to appeal.  (See Doc. 96)  The court finds that enforcement of that waiver will not result in a miscarriage of justice.  Therefore, defendant's motion (Doc. 84) will be denied.

---

[5] Even if the court set aside defendant's appellate waiver, the instant motion would fail.  Defendant did not specifically instruct Attorney Russo to file a notice of appeal.  See Solis v. United States, 252 F.3d 289, 293-94 (3d Cir. 2001) (concluding that counsel for a criminal defendant who has not waived the right to appeal provides ineffective assistance by failing to file an appeal if the defendant instructs counsel to file an appeal).  Instead, defendant followed Attorney Russo's advice to cooperate with the government and to pursue its offer of a Rule 35(b) motion.  In the absence of a specific instruction to appeal, counsel may have a duty to consult with a defendant regarding the merits of appeal if "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  A rational defendant would not want to appeal in the present case in light of defendant's knowing and voluntary waiver of his appellate rights and the lack of other non-frivolous grounds for an appeal.  Nonetheless, Attorney Russo recognized that defendant's goal was sentence reduction.  He strongly recommended that defendant cooperate with the government and accept its offer of a Rule 35(b) motion.  Offering a client measured, strategic advice about the dim prospects of an appeal and advising the client to not squander a viable alternative to achieve the client's desired outcome is precisely the type and scope of consultation that Flores-Ortega requires.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: October 21, 2008

**IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0481-01** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **PERCY HARRIS** | : | |

## **ORDER**

AND NOW, this 21st day of October, 2008, upon consideration of the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 84), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 84) is DENIED.

2. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c)(1)(B).


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge