# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-00481** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **PERCY HARRIS** | : | |

## MEMORANDUM

Presently before the court is a petition for writ of mandamus (Doc. 130) filed by *pro se* petitioner Percy Harris ("Harris"). In his petition, Harris claims that counsel for the Government failed to fulfill its obligations under the plea agreement which he and the government entered into in this case. Specifically, Harris claims that the Government's use of statements provided by a co-conspirator, Mr. Selvy, to increase Harris's sentence violated the plea agreement. The court finds that Harris is not entitled to the issuance of a writ of mandamus on his behalf, and, therefore, the petition shall be denied.

## I.  Background

Defendant Harris was indicted by grand jury on December 14, 2005, on four drug-related offenses. Under a negotiated plea agreement, Harris pled guilty to reduced charges on March 22, 2006. (Docs. 38, 41, 42). The plea agreement contained an express waiver of the defendant's rights to appeal his conviction and sentence. (Doc. 38 ¶ 37). In exchange for Harris's cooperation, the government agreed not to use self-incriminating evidence during sentencing, and that at its discretion, the government would recommend a downward departure from the

sentencing guidelines on Harris's behalf.[1]  On September 11, 2006, this court sentenced Harris to 240 months of incarceration. (Doc. 80).  Subsequently, Harris filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his trial counsel was ineffective, and that his wavier of his appellate rights was a miscarriage of justice.  (Doc. 84).  This court denied Harris's motion on October 21, 2008, finding that Harris had knowingly and voluntarily waived his rights to appeal.  (Doc. 120).

In the pending motion, Harris petitions the court to issue a writ of mandamus pursuant to 28 U.S.C. §§ 1361, and 1651,[2] to order the Government to perform

---

[1] Following his sentencing, Harris accepted the Government's offer to file a Rule 35(b) motion for sentence reduction. See FED. R. CRIM. P. 35(b).  The Government's offer to file a Rule 35(b) motion was conditioned on Harris agreeing to testify before a grand jury. See id.  Subsequent to entering into the plea agreement, Harris shared substantial information with the Government, however, Harris refused to testify before the grand jury.  (See Doc. 120 at 2).  As a result of Harris's refusal to testify, the Government declined to file a Rule 35(b) motion on Harris's behalf.

[2] Section 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."  28 U.S.C. § 1361.

Section 1651 states:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to usages and principles of law. (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651.

under the terms of the plea agreement.  (See Doc. 38).  Harris avers that the plea agreement in this case was not honored.  Harris's claims that the government violated the plea agreement when it used evidence, which was discovered after Harris signed the plea agreement, against him.  Harris asks the court to resentence him and compel the government to limit its evidentiary submissions to evidence known before entering the plea agreement.

## II.     Discussion

A district court may only issue writs of mandamus when jurisdiction has been established on grounds that are independent of the application for writ of mandamus.  United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1999) (holding that the principle articulated in Marbury v. Madison, 5 U.S. 137 (1803), for the application of writs of mandamus is currently preserved by congressional authorization in 28 U.S.C. § 1361) (citing M'Intire v. Wood, 11 U.S. 504 (1813)).  In the instant matter, Harris argues that the sentence imposed on him was improperly reached, and mandamus relief would afford him justice.

*Pro se* defendant Harris's motion, in essence, challenges the validity of the sentence imposed, and requests mandamus relief.  Harris petitions the court to resentence him, and to issue a writ of mandamus to restrict the government from using certain information.  A petition for writ of habeas corpus under 28 U.S.C. § 2255 is the proper mechanism for raising a collateral attack on the validity of a

judgment or the sentence imposed. See 28 U.S.C. § 2255. The court will, therefore, liberally construe the petition as a collateral appeal pursuant to § 2255.[3]

In addition to the § 2255 petition being barred by the terms of Harris's plea agreement, through the Antiterrorism and Effective Death Penalty Act of 1996, Congress has barred federal prisoners from attacking their convictions through second or successive habeas corpus petitions, except in very limited situations.[4] United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999) (citing 28 U.S.C. § 2255); see also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (citing McCleskey v. Zant, 499 U.S. 467, 483-86 (1991) (holding that the abuse of writ doctrine prohibits an inmate from relitigating previous addressed issues, as well as from raising new issues that

---

[3] As part of the time-honored practice of construing a *pro se* plaintiff's petition liberally, it has become the practice of the court of take prophylactic measures before characterizing a *pro se* petitioner's post-conviction motion as § 2255 motion. See United States v. Miller, 197 F.3d 644, 646(3d Cir. 1999); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). However, in the present matter petitioner has previously filed a petition pursuant to 28 U.S.C. § 2255, intentionally fashioned as such, therefore the precautionary Miller instructions are unnecessary.

[4] 28 U.S.C. 2255 (h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- - (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The court finds that, Harris's present claims fall outside of the § 2255 statutory exceptions.

could have been raised in the original habeas petition)). On May 29, 2007, Harris filed a § 2255 petition challenging his judgment and sentence, and after a review by this court, that motion was denied. (Docs. 84, 120). Therefore, Harris is barred from bringing a subsequent § 2255 motion before the court.[5]

In his present filing, Harris seeks mandamus relief pursuant to rights cognizable under § 2255. The filing is a successive § 2255 motion barred by both statute and by the terms of Harris's plea agreement. Harris's motion must therefore be denied.

### III. <u>Conclusion</u>

For the foregoing reasons the motion (Doc. 130) for writ of mandamus will be denied.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      November 2, 2010

---

[5] As it is not presently before the court, the court does not consider Harris's claims that the government breached the underlying plea agreement.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:05-CR-00481** |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **PERCY HARRIS** : | |

## **ORDER**

AND NOW, this 2nd day of November, 2010, upon consideration of defendant's motion (Doc. 130) for writ of mandamus pursuant to 28 U.S.C. §§ 1361, and 1651, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that defendant's motion (Doc. 130) is DENIED.

                                                          S/ Christopher C. Conner
                                                         CHRISTOPHER C. CONNER
                                                         United States District Judge