## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  1:05-CR-00481** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **PERCY HARRIS** | : | |

### <u>ORDER</u>

AND NOW, this 13th day of January, 2012, upon consideration of the motion

for sentence reduction (Doc. 136), pursuant to 18 U.S.C. § 3582(c)(2) Amendment

715, filed by defendant Percy Harris ("Harris"), wherein Harris asserts that the

court incorrectly calculated his base offense level and subsequent sentencing range

at his September 11, 2006, sentencing, and that the correct calculation based upon

an agreement between the parties at the sentencing hearing results in a lower

sentencing range, and it appearing that Harris is not seeking a sentence reduction

pursuant to 18 U.S.C. § 3582(c)(2), but rather is attempting to challenge his

sentence, and the court finding that the proper vehicle for Harris' request is a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, and the court noting

that Harris has previously filed a § 2255 petition that was denied (<u>see</u> Doc. 101), and

the court finding that in order to file a second or successive petition for writ of

habeas corpus, the applicant must move in the Third Circuit Court of Appeals for

an order authorizing the district court to consider the second or successive habeas

petition, <u>see</u> 28 U.S.C. § 2244(b)(3)(A), and that a panel of the Third Circuit Court of

Appeals must certify that the successive motion contains either "(1) newly

discovered evidence that, if proven and viewed in light of the evidence as a whole,

would be sufficient to establish by clear and convincing evidence that no reasonable

factfinder would have found the movant guilty of the offense; or (2) a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable," 28 U.S.C. § 2255(h), and it appearing that

Harris has not sought or received authorization from the Third Circuit for this court

to consider a second or successive habeas petition, and the court therefore

concluding that it lacks the jurisdiction to consider a second or successive habeas

petition, it is hereby ORDERED that the motion for reduction of sentence (Doc.

136), which the court construes as a second or successive habeas petition,[1] is

DISMISSED for lack of jurisdiction.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The court notes that on February 19, 2008, Harris filed a motion for
sentence reduction pursuant to 18 U.S.C. § 3582 based upon Amendment 706 to the
Sentencing Guidelines. (Doc. 94). The court denied the motion because Harris'
sentencing guideline range under the retroactive amendments (Amendment 706
and 715) was identical to that under which Harris was originally sentenced. (Doc.
104). The Third Circuit affirmed the denial. (See Doc. 127).